UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 18 CR 512 |
| | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| EVAN MUSIKANTOW | ) | |

**GOVERNMENT'S MOTION FOR
ORDER TO SHOW WHY DEFENDANT'S
PRETRIAL RELEASE SHOULD NOT BE REVOKED**

The UNITED STATES OF AMERICA by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully moves this Court for an order directing defendant Evan Musikantow to show why his pretrial release should not be revoked. In support of this motion, the government states as follows:

1. On August 21, 2018, a federal grand jury in this district returned an indictment against defendant Evan Musikantow, charging him with the willful failure to pay court-ordered child support during a period beginning no later than in or about 2009 to at least in or about July 2017 in violation of Title 18, United States Code, Section 228(a)(3).

2. On November 21, 2018, defendant was arraigned before United States District Court Judge Harry D. Leinenweber. Defendant appeared at the arraignment by video teleconferencing. Defendant pleaded not guilty.

3. At the time of the arraignment, defendant was on electronic monitoring in Phoenix, Arizona as a result of a forgery and identity theft criminal case brought by Maricopa County. Defendant also had a pending driving under the influence case in Scottsdale, Arizona.

4. As part of the conditions of his pretrial release in the pending criminal case in this district, defendant Musikantow was ordered: to submit to the electronic monitoring

imposed by Maricopa County; to remain in the District of Arizona except as otherwise ordered by the district court; to not use alcohol excessively; and to not violate federal, state or local law while on release.

5. On December 3, 2018, United States Pretrial Services for the Northern District of Illinois issued a violation report in this case stating that defendant Musikantow appeared at the Pretrial Services Office in the District of Arizona on November 29, 2018 under the influence of alcohol. A breathalyzer administered at 8:44 a.m. showed defendant had a blood alcohol level of .276. This was in direct violation of one of defendant's conditions of release requiring him not to use alcohol excessively.

6. On December 7, 2018, United States Pretrial Services issued a second violation report in this case based on a home visit made by a United States Pretrial Services Officer on December 4, 2018. Once again, defendant was under the influence of alcohol and registered a blood alcohol level of .210 at 12:35 p.m. This was again in direct violation of a condition of defendant's pretrial release.

7. During this visit, the United States Pretrial Officer reminded defendant that he could not travel outside the District of Arizona without the district court's prior permission. Nonetheless, defendant traveled to Milwaukee, Wisconsin on December 5, 2018 in violation of another condition of his pretrial release.

8. On December 13, 2018, United States Pretrial Services issued a third violation report relating to defendant Musikantow. In this report, Pretrial Services detailed how defendant displayed what appeared to be a Chicago Police Officer badge at the Federal Courthouse in Phoenix, Arizona on December 7, 2018. According to the report, defendant also represented that he had prior experience working as a Chicago Police Officer, but later "rescinded" the statement. Although more investigation needs to be done, defendant may

have violated another condition of his release requiring him to not violate any federal, state or local law.

## Conclusion

Based on the foregoing, the government respectfully requests that defendant be ordered to show why his pretrial release should not be revoked or, at the very least, why his release conditions should not be modified to address his unacceptable alcohol consumption and disregard of the restrictions on his travel. Moreover, the government recommends that the Chicago Police Officer badge be produced by Pretrial Services to the United States Marshals Service in Phoenix, Arizona for further investigation.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:   */s/ Edward G. Kohler*
EDWARD G. KOHLER
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

3