UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 18 CR 512 |
| | ) | |
| EVAN J. MUSIKANTOW, | ) | Hon. Harry D. Leinenweber |
| | ) | |
| | ) | |

**MOTION TO DISMISS - DOUBLE JEOPARDY**

Now comes the Defendant, Evan J. Musikantow, by and through his attorney, Jeffrey J. Levine and hereby moves for dismissal of the indictment based on a violation of the Fifth Amendment to the United States Constitution, and in support thereof, states as follows:

1. As Defendant has been charged by the United States with a violation of 18 U.S.C. § 228(a)(3), in that he willfully failed to pay child support obligations in Illinois, the case is founded on defendant's divorce.

2. In the September 15, 2006, Judgment for Dissolution of Marriage, in Case 03 D 003366, the Court ruled that there was "...no evidence that Evan (Musikantow) has any income or any ability to pay child support.." however, the Court believed that he was.capable of earning income in the future. *See*: Exhibit A, Judgment for Dissolution of Marriage, par. 8, Bates CCC_001-000141.

3. Unable to pay the support ordered, on April 15, 2016, the Illinois Court found Evan Musikantow guilty of willful contempt for failure to pay child support and ordered commitment for 120 days unless he put up a bond of $400,000.00. *See*: Exhibit B, April 15, 2016, Order of Commitment and October 27, 2016 Body Attachment Order.

4. The State of Illinois previously sought to punish Mr. Musikantow, for the same offense charged herein. Unhappy with the result of the State prosecution, the instant prosecution is seeking

to punish Mr. Musikantow for the same offense. As the instant prosecution puts him in jeopardy for the same offense, the prosecution is barred by the Fifth Amendment to the United States Constitution.

    5. Defendant is well aware of Supreme Court's decision in *Gambel v. United States*, 587 U.S. ___, (2019), reaffirming the dual-sovereignty doctrine, but maintains that this decision was incorrect and without basis. Defendant maintains that Justice Gorsuch's dissent in that opinion will support his position.

    6. The Fifth Amendment to the United States Constitution specifically prohibits persons being subject for the same offense, to be twice put in jeopardy. The right is not qualified nor is any mention made of prosecutions by multiple sovereigns. As the Amendment relates to criminal prosecutions it must be strictly construed and the plain meaning of the words must be followed. The common-law history, the plain meaning of the Amendment and the concept of federalism preclude successive prosecutions for the same offense.

History of Double Jeopardy Prosecutions

    7. <u>Ancient History</u>. The concept of multiple prosecutions for the same offense has been abhorrent to lawmakers throughout history. A man could not be tried twice for the same offense in ancient Athens. R. Bonner, *Lawyers and Litigants in Ancient Athens* 195 (1927). Neither the Roman Republic nor the Roman Empire allowed double jeopardy. J. Sigler, *Double Jeopardy: The Development of a Legal and Social Policy* 2-3 (1969); *Digest of Justinian*: Digest 48.2.7.2, translated in 11 S. Scott, *The Civil Law* 17 (1932). The concept of double jeopardy is precluded in the Old Testament and in church directives. *See*: *Bartkus v. Illinois*, 359 U.S. 121, 152, n. 4 (1959) (Black J., dissenting); Z. Brooke, *The English Church and the Papacy* 204-205, n. 1 (1931).

    8. <u>Common Law</u>. Courts have recognized the unfairness of punishing individuals twice for

the same offense throughout the history of common law. The rule against double jeopardy was well-established in the American colonies and in England at the time of the revolution. The initial draft of the Double Jeopardy Clause prohibited more than one trial or one punishment for the same offense by any law of the United States. *See: Gambel v. United States*, 587 U.S. \_\_\_, 139 S.Ct. 1960, 204 L.Ed.2d 322 (2019) (Gorsuch, J., dissenting).

9. <u>Dual Sovereigns</u>. Preclusion on double jeopardy grounds, of multiple prosecutions, has historically disallowed prosecution of individuals where the defendant was previously tried for the same offense, even when the prosecution was from a different country. The Supreme Court's *Gamble* decision is based on a "dual sovereign" theory. This theory is neither enumerated in the Constitution, nor supported by the concept of federalism. The federal and state governments are not separate or foreign to one another but rather, the governing methods of a single sovereign people. *Gambel v. United States*, 587 U.S. \_\_\_, (2019) (Gorsuch, J., dissenting).

10. Recently, the State of New York held that it would be double jeopardy to charge an individual with state offenses subsequent to his pardon for actions charged as federal offenses. *See*: *People v. Paul J. Manafort, Jr.*, N.Y. Slip Opinion 06027, decided, October 22, 2020

11. Previously, the Supreme Court has indicated a reliance upon "the benignant spirit" of prosecutors to protect individuals from repetitive prosecutions. *See*: *Fox v. Ohio*, 46 U.S. (How.) 410 (1847). The government cannot be allowed to repeatedly bring charges until it obtains the result it seeks. The interests of law enforcement cannot outweigh the interest in protecting individual constitutional rights. Mr. Musikantow cannot rely upon the benignant spirit of prosecutors and must seek protection against successive prosecution in the clear language of the Fifth Amendment. To allow a successive prosecution would violate Mr. Musikantow's due process protection.

Defendant, Evan J. Musikantow prays that this Court grant his Motion for Dismissal of the Indictment based on the due process and double jeopardy provisions of the Fifth Amendment and for such further relief as this Court deems just and equitable.

        Respectfully submitted,

        /s/ Jeffrey J. Levine
        JEFFREY J. LEVINE
        Attorney for Defendant,
        Evan J. Musikantow

JEFFREY J. LEVINE
19 South La Salle Street
Suite 702
Chicago, Illinois 60603
(312) 372 - 4600

Dated: November 2, 2021