# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 18 CR 512 |
| | ) | |
| EVAN J. MUSIKANTOW, | ) | Hon. Harry D. Leinenweber |
| | ) | |
| | ) | |

**STATUS REPORT TO THE COURT**

Now comes the Defendant, Evan J. Musikantow, by and through his attorney, Jeffrey J. Levine and for his Status Report to the Court, states as follows:

1. Counsel herein was appointed on March 16, 2021, taking over representation from another panel attorney.

2. Mr. Musikantow is charged by indictment, with a violation of 18 U.S.C. § 228( a)(3), in that he is willfully avoided to pay a child support obligation.

3. Under Illinois law, Mr. Musikantow was responsible for payment of a percentage of his net income for child support. The law changed on January 1, 2016, and subsequent thereto, an individual was held to be responsible for payment from any gross income. *See*: 750 ILCS 5/505(2)(D)(A).

4. The amount set in Mr. Musikantow's divorce case was an amount that was an imputed potential income, rather than his actual income. This imputed potential income was reduced from $5,500.00 per month to $2,750.00 per month. *See*: documents CCC_001-000137 & CCC_001-000138. This was imposed even though the Divorce Court held that there was "no evidence that Evan had any income or an ability to pay child support..." *See*: document CCC_001-000141.

<u>Ability to Pay</u>

5. The government's presentation to the grand jury, while acknowledging that the government must prove that Mr. Musicantow must have had an ability to pay his obligations, did not demonstrate that he had any income with which to pay the obligation. It merely referenced funds in businesses. The agent's testimony never demonstrated that the funds were owned by Mr. Musicantow or that he had access to those funds which would demonstrate an ability to pay the imposed support obligations. *See*: 06/28/18, 08/07/18, 0814/18 and 08/21/18 Grand Jury Testimony.

6. As the government must demonstrate proof beyond a reasonable doubt of an ability to pay the arrearage, some courts allow an "ability to pay" hearing, prior to trial, for purposes of judicial economy. If such a hearing is conducted, Mr. Musikantow will present his expert to demonstrate that he had no ability to pay, thus voiding a necessary element of the government's case.

Reduction of Jurisdictional Threshold

7. Because the support order was initially based on an imputed potential income, rather than on Mr. Musicantow's actual income, the divorce court is contemplating a reduction of the family court order. It is believed that the family court will rule on the issue on or about May 6, 2022.

8. If the support order is reduced in line with Mr. Musicantow's actual income and his ability to pay the arrearage, it is possible that this Court will lose its jurisdictional threshold.

Expert Reports

9. On January 18, 2022, this Court allowed the appointment of a financial and divorce expert. The defense expects that reports from those experts will be completed by May 2, 2022. With the completion of those reports, defense counsel intends to meet with government counsel in an effort to resolve the criminal prosecution short of trial.

Subpoenas

10. Mr. Musikantow has issued subpoenas to numerous entities, including the law firm that

served as the trustee of numerous trusts which controlled large sums of money. These trusts include irrevocable trusts which provided for the benefit of his children in the amount of over $400,000.00. Mr. Musikantow Mr. Musicantow was also the beneficiary of irrevocable trusts controlled by the law firm.

11. Mr. Musikanow is seeking to locate the trust money he put aside for his children as well as what happened to other funds he put into trust. It was his belief that these funds could be utilized to pay the imposed support obligations.

12. Irrespective of what happened to the funds which were held in trust for his benefit, Mr. Musicantow is entitled to present a defense demonstrating that his actions were not willful as he expected to fulfill his obligations withe the proceeds of the trusts. He information is also relevant to demonstrate 18 U.S.C. § 3553( a) factors, should he be convicted of an offense.

13. One party has filed a substantial response to the subpoena for the trust information. Mr. Musikantow seeks adequate time to respond to the argument.

Trial

14. Should this matter proceed to trial, Mr. Musicantow would agree to proceed with a bench trial.

Respectfully submitted,

/s/ Jeffrey J. Levine
JEFFREY J. LEVINE, attorney for the
Defendant, Evan Musicantow

JEFFREY J. LEVINE,
19 South La Salle Street, Suite 720
Chicago, Illinois 60606
(312) 372-4600

Dated: April 5, 2022