UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 18 CR 512 |
| | ) | |
| EVAN J. MUSIKANTOW, | ) | Hon. Harry D. Leinenweber |
| | ) | |
| | ) | |

**RESPONSE TO DLA PIPER'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Now comes the Defendant, Evan J. Musikantow, by and through his attorney, Jeffrey J. Levine and for his Response to DLA Piper's Memorandum in Support of Motion to Quash Subpoena, states as follows:

1. On or about November 9, 2001, a multimillion dollar sale of numerous restaurant franchises and hotel properties occurred. The purchaser, Apple American Group, LLC, purchased Appleby Restaurant franchises in Delaware, Indiana, New Jersey and Ohio and other properties. The sellers of the properties included Allen S. Musikantow, his son Evan Musikantow and other individuals and entities.

2. The sale occurred at the offices of DLA Piper in Chicago. The sellers of the family businesses, including Evan Musikantow, were represented by DLA Piper. At the specific direction of DLA Piper attorney David Glickstein, Evan Musikantow signed all the documents required in order to effect the sale of the family businesses to the Apple American Group, LLC. Mr. Glickstein had a financial interest in the sale of the businesses and received a distribution at the closing.

3. The sale included millions of dollars of properties owned and controlled by Evan J. Musikantow

4. Thereafter, the sellers, including Evan J. Musikantow, were directed to put the proceeds of the sale into trust for tax purposes. Evan had also set up irrevocable trusts for the benefit of his children, for purposes of their education. The trusts for his two children, each contained approximately $200,000.00.

5. Since the November 9, 2001, sale of the family businesses, Evan J. Musikantow has not had access to any of the proceeds of the trusts, nor have his children had any benefit from the irevocable trusts created for purposes of funding their education.

6. Evan J. Musikantow is charged in the instant case with a felony for willfully avoiding child support obligations ordered in his divorce case pending in Cook County, Illinois, in violation of 18 U.S.C. § 228(a)(3).

7. Mr. Musikantow has issued a subpoena to DLA Piper in order to demonstrate that his actions were not willful, as he expected to fulfill his obligations with the proceeds of the trusts. He also seeks to demonstrate that he had set aside $400,000.00, for the benefit of his children's education, in irrevocable trusts. The information is also relevant to demonstrate 18 U.S.C. § 3553(a) factors, should he be convicted of the offense.

8. Evan J. Musikantow was the beneficiary of individual and family trusts created by attorney Mary Lou Haddad for Evan and his family. The trusts were created by Ms. Haddad while she worked for Greenberger, Krauss & Jacobs, the firm now identified as DLA Piper. A DLA Piper partner, David Glickstein, was the trustee of a trust for which Evan J. Musikantow was a beneficiary. This is demonstrated by documents created by Mr. Glickstein and DLA Piper, referencing both the existence of the irrevocable trust and that Mr. Musikantow as the beneficiary of the trust. *See*: Exhibit A, 11/28/05, Notice of Beneficiary and Exhibit B, 12/09/05, DLA Piper correspondence referencing the trust. The Notice of Beneficiary has a metadata computer reference notation

"21057/30728459" which will assist DLA Piper in locating the requested information. *See*: Exhibit A.

9. Mr. Musikantow has also issued a subpoena to DLA Piper partner, David Glickstein, however, DLA Piper has not indicated whether their objection to providing the records also represents Mr. Gickstein's position with regard to the subpoenas.

10. The Illinois Trust Code, 760 ILCS §3/101 et. seq., now imposes a duty on trustees to act in good faith (§3/105(b)(2)), and follow principles of equity (§3/106). The Illinois Trust Code now allows, in the case of irrevokable trusts, beneficiaries to request information regarding the portions of the trust in which the beneficiaries have an interest and provides for beneficiaries to obtain an accounting. *See*: 760 ILCS §§3/105(b)(12) and (b)(12.5).

11. Mr. Musikantow's subpoenas specifically seek to determine what happened to the proceeds of the irrevocable trusts he established for the education of his children and the proceeds of his portion of the assets of the sale of the businesses to Apple American Group, LLC, in order to defend a criminal prosecution. DLA Piper argues that Evan Musikantow is merely engaged in a "fishing expedition." *See*: DLA Piper Memorandum at pp. 1, 9 and 10. The Memorandum further argues that the request is "...based on nothing more than speculation that records might exist." *See*: DLA Piper Memorandum at p. 2.

12. Rather than provide the requested information, the law firm has submitted a thirteen page Memorandum arguing that the firm would have to review a thousand electronic files and boxes of records to locate the requested material. As authority for its position, the firm relies upon *United States v. Tokash*, 282 F.3d 962 (7th Cir. 2002). *See*: DLA Piper Memorandum at pp. 1, 2, 7 and 10. In *Tokash*, criminal defendants, members of the Aryan Brotherhood, sought to present a defense of necessity to charges that they possessed weapons in a federal prison by concealing weapons in their

rectal cavities. Subpoenas were issued to support the necessity defense which was not allowed at trial.

13. Contrary to the authority proffered by the firm, Mr. Musikantow seeks relevant, essential evidentiary documents. He has been unable to procure the evidence through the exercise of due diligence in advance of trial. Through counsel, Mr. Musikantow has previously requested these records from DLA Piper in correspondence dated September 21, 2015, December 23, 2015 and February 9, 2016. His request is made in good faith and is not intended as a general "fishing expedition."

14. As DLA Piper notes, Mr. Musikantow has previously sought to obtain this information by naming DLA Piper partner and trustee, David Glickstein, as a 'respondent in discovery" in his Cook County lawsuit filed against his father. *See*: DLA Piper Memorandum, p. 5 and fn. 6. Judge Mitchell had previously decided that Evan Musikantow could proceed against Mr. Glickstein as a respondent in discovery, prior to the defendant removing the case to federal court. *See*: 19 CV 1242, Dkt. No. 11, p.3. Judge Mitchell had also apparently found some aspect of concealment, as he had ruled that defendant's statute of limitations defense was inapplicable.

15. Subsequent to preparing trusts for Evan and his children and representing him at the sale of the business properties to Apple American Group, LLC, in November of 2001, the firm assisted Mr. Musikantow's father in a criminal prosecution of Evan in the State of Arizona, by providing assistance to the prosecutors office in March of 2019. The Arizona criminal case required restitution to "...all victims including [his father and] DLA." *See*: DLA Piper Memorandum at p. 6.

16. The firm now asserts that it will be required to provide documents that may be "privileged." *See*: DLA Piper Memorandum at pp. 9 and 11. The issue of a potential privilege can be remedied by an *in camera* review of the information by the Court.

17. Finally, DLA Piper argues that the dissipation of the trust proceeds was a scheme to avoid taxes or to shield Mr. Musikantow's assets from the divorce. This is conjecture and speculation. The argument is not logical as the dissipation of the trust assets resulted in a loss of the funds by Evan. Also, the trust assets were acquired prior to his marriage and were protected by a prenuptial agreement drafted by the firm under its prior name.

18. Trusts are deemed "irrevocable" as trust proceeds which are withdrawn are subject to taxes. DLA Piper has previously fought the requests for information on the dissipation of the trust proceeds in prior civil actions and retaliated against Mr. Musikantow subsequent to his attempts to obtain the information. There is no legitimate reason that the firm should avoid providing information relating to the dissipation of the assets of the trusts to the beneficiaries. However, as demonstrated by the firm's prior actions, it is doubtful that the firm will ever be produce the requested information.

Wherefore, for all the above and foregoing reasons, Defendant Evan J. Musikantow prays that this Court order DLA Piper and David Glickstein to identify a keeper of records, produce the information sought in Defendant Evan J. Musikantow's subpoenas and for such further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Jeffrey J. Levine
JEFFREY J. LEVINE
Attorney for Defendant Defendant,
Evan J. Musikantow

JEFFREY J. LEVINE
19 South La Salle Street
Suite 702
Chicago, Illinois 60603
(312) 372 - 4600

Dated: April 13, 2021