UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 18 CR 512 |
| | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| EVAN MUSIKANTOW | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S STATUS REPORT**

The UNITED STATES OF AMERICA by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully responds to defendant's status report filed with this Court in advance of the telephonic status hearing held on April 6, 2022. As an initial matter, the government welcomes defense counsel's intention disclosed in the status report "to meet with government counsel in an effort to resolve the criminal prosecution short of trial." However, as stated during the hearing, the government has several objections to the status report. These include defendant's undeveloped challenge to how the child support obligation was calculated, defendant's view of the evidence concerning ability to pay, his suggestion for an "ability to pay hearing" and his claim that this Court may "lose its jurisdictional threshold" as a result of future post-decree divorce proceedings.

**Background**

On August 21, 2018, a federal grand jury in this district returned an indictment against defendant Evan Musikantow, a resident of Arizona, charging him with the willful failure to pay court-ordered child support of more than $10,000 for the benefit of his two children residing in Illinois, a federal criminal felony offense under the Deadbeat Parents Punishment Act of 1998 (DPPA) in violation of Title 18, United States Code, Section

228(a)(3). The indictment alleges that defendant's offense took place during a period from at least 2009 to 2017.

According to the Illinois Department of Healthcare and Family Services (IDHFS), as of April 30, 2017, defendant owed $494,239.12 in support for these children ordered by the Circuit Court of Cook County and an additional $199,091.46 in interest for a total arrearage of over $690,000. A recent filing made by the custodial parent in post-decree divorce proceedings indicates that the arrearage including college costs now exceeds $1,000,000. Against this backdrop according to IDHFS, defendant only paid a meager $3132 in child support, $2585 of which resulted from involuntary garnishments of his federal income tax refunds, over the approximately eight-plus year period from 2009 to April 2017. This was despite the Circuit Court of Cook County in *Dawn Musikantow n/k/a Van Samek v. Evan Musikantow, 03 D 3366,* making adjustments to the amount of required child support originally set in the divorce decree entered on September 15, 2006 and finding multiple times that defendant Musikantow was in contempt of these child support orders.

Ability to pay is not an element of the charged offense under Section 228(3), but it may be a factor in determining whether defendant's failure to pay was willful. *United States v. Fuller,* 751 F.3d 1150, 1154 (10th Cir.2014). Even so, the government does not have to prove that defendant had the ability to pay the total amount of court-ordered child support. *United States v. Bell,* 598 F.3d 366, 371 (7th Cir. 2010). Rather, as the district court in *Bell* instructed, "ability to pay means that the defendant had the ability, after meeting his basic subsistence needs, to pay some portion of the past due child support obligation." *Id.* (finding no error with the instruction); *see also United States v. Carlson,* 643 F.3d 993 (1st Cir. 2011)(agreed with six other circuits deciding the question that the government only had to prove that defendant had to pay a portion of the child support and failed to do so). In determining the ability to pay, "a jury is entitled to look beyond the narrow concept of 'income'

used in the tax laws and to consider all of the resources available to a defendant, regardless of their source." *United States v. Hanna,* 630 F.3d 505, 509-510 (7th Cir. 2010) (gifts of funds from family were resources available to defendant to pay child support). The jury may also consider whether "defendant consciously avoided having sufficient resources --- for example, by refusing to work --- to pay a child support order." *Id.*

### Child Support Obligation Calculation

In paragraphs 3 and 4 of his status report, defendant presents an undeveloped challenge to the way the divorce court calculated the child support obligations. The divorce court originally ordered post-decree child support in 2006 and reconsidered the appropriate amount a number of times throughout more than ten years of litigation, little of which defendant captures in paragraph 4. But it doesn't matter. Collateral challenges to the willful failure to pay a child support obligation based on the substantive merits of the child support order are not allowed. *United States v. Kerley,* 416 F.3rd 176, 178 (2d Cir. 2005)("Every circuit that has addressed the issue [including the Seventh] has stated that defendants in DPPA prosecutions cannot collaterally challenge the substantive merits of the underlying support order.") The exception, not present here, may be a meritorious attack based on lack of personal jurisdiction. *United States v. Kramer,* 225 F.3d 847 (7th Cir. 2000). Defendant's undeveloped challenge warrants no relief.

### Ability to Pay Evidence

In paragraph 5 of his status report, defendant summarily challenges part of the evidence of defendant's ability to pay child support. Not surprisingly, the government's view of the strength of the evidence of defendant's ability to pay and his overall culpability for failing willfully to pay child support substantially differs from defendant's view. As discussed below, differing views of the strength of the evidence of guilt need to be sorted out by the trier of fact at trial, not in a status report or even in a pretrial hearing.

**"Ability to Pay Hearing"**

Defendant Musikantow in his status report at paragraph 6 suggests that a pretrial "ability to pay hearing" be conducted by this Court. Although defendant states that "some courts allow an 'ability to pay' hearing, prior to trial," defendant neither identifies a particular court that followed such a procedure nor cited any legal authority for such a hearing. Moreover, defendant supports his suggestion for such a hearing with an incorrect statement of law, that being proving ability to pay the arrearage beyond a reasonable doubt is "a necessary element of the government's case." As set out above, ability to pay is not an element of a willful failure to pay court-ordered child support offense. Ability to pay may be considered in determining whether the failure to pay was willful, but even then the test is whether defendant could have paid some portion of the amount ordered rather than the entire arrearage. Moreover, even if ability to pay was an element of the charged offense, that would be a determination to be made by the trier of fact at trial, not a legal ruling made at a pretrial hearing.

**Losing Jurisdiction Claim**

Equally unsupported is defendant's claim that "it is possible that this Court will lose its jurisdictional threshold" through some action defendant is attempting to take in the post-decree divorce proceedings. Defendant has filed a "Motion for Finding to Issue the Respondent a Family Financial Responsibility Driving Permit" in the ongoing post-decree divorce proceeding. See *In re the Former Marriage of Dawn Musikantow and Evan Musikantow,* 2003 D 003366 (Circuit Court of Cook County). How the resolution of this contested motion seeking a driving permit and a "payment schedule for him to pay off his arrearage" could impact this Court's jurisdiction concerning a completed crime seems is wishful on defendant's part and not supported by the law or the facts of this case.

4

**Conclusion**

The government appreciates this opportunity to respond to defendant's status report. As discussed originally in the pretrial motion briefings and again here, despite defendant's arguments, the law is clear on the role of ability to pay evidence being a factor in determining willfulness rather than an element of the offense, on only needing to show that defendant could have paid a portion of the child support and not the entire arrearage, and on the prohibition on substantive collateral attacks on child support orders. And although defendant and the government disagree about what the evidence will show and how strong that evidence will be, that is for the trier of fact at trial to determine, not a so-called ability to pay pretrial hearing.

The government is ready to respond in more detail should this Court need additional information. The government also apologizes for any inconvenience caused by its delayed filing of this response.

                                        Respectfully submitted,

                                        JOHN R. LAUSCH, JR.
                                        United States Attorney

By:   */s/ Edward G. Kohler*
       EDWARD G. KOHLER
       Assistant United States Attorneys
       219 South Dearborn Street, 5th Floor
       Chicago, Illinois 60604
       (312) 353-5300