IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | Case No. 1:18-cr-512 |
| v. | Hon. Harry D. Leinenweber |
| EVAN MUSIKANTOW, | |
| Defendant. | |

**PROTECTIVE ORDER GOVERNING SUBPOENA TO DLA PIPER**

Upon the motion of non-party DLA Piper LLP (US) ("DLA Piper"), pursuant to Fed. R. Crim. P. 16(d) and 17(c), it is hereby ORDERED:

1. All of the materials provided by DLA Piper in response to the Court's May 10, 2022 Order, *see* ECF 109, ("the materials") are subject to this protective order and may be used by the parties and the parties' counsel (defined as counsel of record in this case) solely in connection with the prosecution and defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The parties and the parties' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the prosecution or defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their

1

counsel may be shown copies of the materials as necessary to prepare the prosecution and defense, but may not retain copies without prior permission of the Court.

3. The parties, the parties' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the parties, the parties' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. The parties, the parties' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, the parties' counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to DLA Piper; or (3) retained in the parties' counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by the parties' counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7.      To the extent any material is produced by DLA Piper to the Court, the parties, or the parties' counsel by mistake, the DLA Piper shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the parties and/or the parties' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit the parties' counsel in the use of discovery materials in judicial proceedings in this case.

9.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
Harry D. Leinenweber
District Court Judge
United States District Court
Northern District of Illinois

Dated:  7/11/2022

3