UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 18 CR 512 |
| | ) | |
| EVAN J. MUSIKANTOW, | ) | Hon. Harry D. Leinenweber |
| | ) | |
| | ) | |

**MOTION TO COMPEL PRODUCTION OF SUBPOENAED MATERIAL
DLA PIPER**

Now comes the Defendant, Evan J. Musikantow, by and through his attorney, Jeffrey J. Levine and for his Motion to Compel Production of Subpoenaed Material, states as follows:

1. On or about November 9, 2001, a multimillion dollar sale of numerous restaurant franchises and hotel properties occurred. The purchaser, Apple American Group, LLC, purchased Appleby Restaurant franchises in Delaware, Indiana, New Jersey and Ohio and other properties. The sellers of the properties included Allen S. Musikantow, his son Evan Musikantow and other individuals and entities.

2. The sale occurred at the offices of DLA Piper in Chicago. The sellers of the family businesses, including Evan Musikantow, were represented by DLA Piper. At the specific direction of DLA Piper attorney David Glickstein, Evan Musikantow signed all the documents required in order to effect the sale of the family businesses to the Apple American Group, LLC. Mr. Glickstein had a financial interest in the sale of the businesses and received a distribution at the closing.

3. The sale included millions of dollars of properties owned and controlled by Evan J. Musikantow

4. Thereafter, the sellers, including Evan J. Musikantow, were directed to put the proceeds

of the sale into trust for tax purposes. Evan Musikantow set up irrevocable trusts for the benefit of his children, for purposes of their education. The trusts for his two children, each contained approximately $200,000.00.

5. Since the November 9, 2001, sale of the family businesses, Evan J. Musikantow has not had access to any of the proceeds of the trusts, nor have his children had any benefit from the irevocable trusts created for purposes of funding their education.

6. Evan J. Musikantow is charged in the instant case with a felony for willfully avoiding child support obligations ordered in his divorce case pending in Cook County, Illinois, in violation of 18 U.S.C. § 228(a)(3).

7. In December of 2021, Mr. Musikantow issued a subpoena to DLA Piper in order to demonstrate that his actions were not willful, as he expected to fulfill his obligations with the proceeds of the trusts. He also seeks to demonstrate that he had set aside $400,000.00, for the benefit of his children's education, in irrevocable trusts. He maintains that the information is also relevant to demonstrate 18 U.S.C. § 3553(a) factors, should he be convicted of the offense.

8. In response, on April 4, 2022, the law firm submitted a Motion and a thirteen page Memorandum arguing that the firm would have to review over a thousand electronic files and dozens of boxes of records to locate the requested material which was created over two decades and stored in several offices. *See*: Dkt. No. 101 & 102.

9. On May 10, 2022, this Court ruled and ordered DLA Piper to produce, within 60 days, the following:

        a. The trust documents related to Defendant Evan J. Musikantow;

        b. The trust documents related to Defendant's children; and

        c. Any annual reports indicating trust distributions.

*See*: Order, Dkt. No. 109

10. In DLA Piper's subsequent production of documents, none of the documents required in the Court's Order were provided.

11. The Illinois Trust Code, 760 ILCS §3/101 et. seq., imposes a duty on trustees to act in good faith (§3/105(b)(2)), and follow principles of equity (§3/106). The Illinois Trust Code now allows, in the case of irrevokable trusts, beneficiaries to request information regarding the portions of the trust in which the beneficiaries have an interest and provides for beneficiaries to obtain an accounting. *See*: 760 ILCS §§3/105(b)(12) and (b)(12.5).

12. Mr. Musikantow seeks to determine what has happened to the proceeds of the irrevocable trusts he established for the education of his children and the proceeds of his portion of the assets of the sale of the businesses to Apple American Group, LLC, in order to defend against a criminal prosecution. He now seeks this Court to enter an order compelling the DLA Piper to provide the materials so that they may be forwarded to Defendant's experts.

Wherefore, for all the above and foregoing reasons, Defendant Evan J. Musikantow prays that this Court order DLA Piper to produce the materials requested in his subpoena and for such further relief as this Court deems just and equitable.

              Respectfully submitted,

              /s/ Jeffrey J. Levine
              JEFFREY J. LEVINE
              Attorney for Defendant,
              Evan J. Musikantow

JEFFREY J. LEVINE
19 South La Salle Street
Suite 702
Chicago, Illinois 60603
(312) 372 - 4600

Dated: September 26, 2022