IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES,

                Plaintiff,

v.

EVAN MUSIKANTOW,

                Defendant.

Case No. 1:18-cr-512

Hon. Harry D. Leinenweber

**RESPONSE BY NON-PARTY DLA PIPER LLP (US) TO
DEFENDANT'S MOTION TO COMPEL**

Defendant's perfunctory motion to compel DLA Piper LLP (US) ("DLA Piper")
is premature, unnecessary, and baseless.

*First*, in response to this Court's order, DLA Piper conducted a rigorous, time
consuming, and expensive review to identify and produce decades-old responsive
records. DLA Piper produced the few trust documents in which either Defendant or
his children were named. DLA Piper also produced a privilege log of additional
responsive documents that are protected by the attorney-client privilege and/or the
work product doctrine.

*Second*, the motion is premature and unnecessary. Defendant has not
attempted to meet and confer with DLA Piper or to otherwise discuss DLA Piper's
production and efforts to collect and identify responsive records. Indeed, on
November 2, 2022, through counsel, DLA Piper sent a letter to Defendant requesting
he withdraw his motion and offering to discuss the matter. Exhibit A. DLA Piper
has not received a response.

DLA Piper respectfully requests the Court deny Defendant's motion and relieve DLA Piper of any further involvement with respect to this subpoena.

1.      At all times, DLA Piper has acted reasonably, diligently, and in good faith in responding to Defendant's Rule 17(c) subpoena issued to DLA Piper on or about December 21, 2021.  On May 10, 2022, in response to DLA Piper's motion to quash, the Court granted in part and denied in part DLA Piper's requested relief. The Court ordered DLA Piper "to produce the trust documents for Defendant and Defendant's children and any annual reports indicating distributions." ECF 109.  The Court provided DLA Piper 60 days, until July 11, 2022, to make its production.

2.      DLA Piper did just that.  Specifically, DLA Piper undertook a diligent, reasonable, costly, and good faith review.  DLA Piper collected and compiled records from its and its client files.  DLA Piper searched electronic databases, physical storage facilities, email, and trust documents stored in a vault in a Chicago bank.[1]

3.      Next, DLA Piper ran searches through these files to find documents responsive to the Court's order.  DLA Piper then reviewed the records and identified the responsive records.  The search terms DLA Piper ran included, among others, Defendant's first name, Defendant's children's first names, "trust," "irrevocable," "estate planning," "EJM," "ASM trust," "ASM irrevocable trust," "annual reports," "settlor," and "Haddad."[2]   From this review, DLA Piper timely produced non-

---

[1] After receiving the Defendant's Rule 17(c) subpoena, DLA Piper preserved these records, which are still under preservation.

[2] DLA Piper ran the search term "Haddad" because in Defendant's response to DLA Piper's motion to quash, Defendant represented that he "was the beneficiary of individual and family trusts created by attorney Mary Lou Haddad for Evan and his

privileged documents and a privilege log with descriptions of privileged documents to counsel for the parties on July 11, 2022.

4.      This motion was not necessary.  Other than the motion to compel, DLA Piper has heard nothing from Defendant about the production.  Defendant did not ask DLA Piper about its efforts to comply with the Court's order.  Simply, Defendant has no basis to challenge DLA Piper's production or to pursue his motion.  Defendant does not and cannot identify any documents that are missing or any flaws in DLA Piper's efforts to identify and produce responsive records.

5.      The motion is also baseless.  Defendant without support makes a single assertion that "none of the documents required in the Court's [May 10] Order were provided."  ECF 125 ¶ 10.  First, Defendant fails to articulate a single specific document that he believes DLA Piper possesses in its files but did not produce.  Second, the Court did not order DLA Piper to produce any specific document.

6.      Given these circumstances, Defendant's motion to compel should be denied.  DLA Piper's extensive, good faith, and costly review was beyond reasonable, and DLA Piper produced documents and a privilege log for the documents it was able to find.  Rule 17(c) does not demand more.

For the foregoing reasons, DLA Piper respectfully requests the Court deny Defendant's motion to compel DLA Piper LLP (US) ("DLA Piper") to produce subpoenaed material.

---

family."  ECF 106 ¶ 8.  Ms. Haddad, however, did not work for DLA Piper and her firm was apparently acquired in 2008 by Dykema, not DLA Piper.  ECF 107 at 5.

Dated: November 14, 2022       Respectfully submitted,


*/s/ Matt Hiller*
Matt Hiller (IL-6277662)
Robert Muttilainen (IL-6333123)
DLA Piper LLP (US)
444 W. Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000
matt.hiller@dlapiper.com
robert.muttilainen@dlapiper.com

*Counsel for DLA Piper LLP (US)*