# Exhibit A



**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
T 312.368.4000
F 312.236.7516
W www.dlapiper.com

Matt Hiller
matt.hiller@dlapiper.com
T 312.368.2198

Robert Muttilainen
robert.muttilainen@dlapiper.com
T 312.368.3386

November 2, 2022

**Via Email**

Jeffrey J. Levine
19 South La Salle Street, Suite 702
Chicago, Illinois 60603
(312) 372-4600
jeffjlev@yahoo.com

Re:  Request to Withdraw Motion to Compel
     *United States v. Musikantow*, 1:18-cr-512 (N.D. Ill.)

Mr. Levine:

We received your October 12, 2022, email attaching Mr. Musikantow's motion to compel and notice of motion against DLA Piper LLP (US) ("DLA Piper"). The motion should be withdrawn before the presentment hearing on November 16, 2022. It was not filed in good faith. Mr. Musikantow filed the motion to compel without a meet and confer or even attempting to speak with us about DLA Piper's production or efforts to collect and identify any potentially responsive records. The motion is devoid of any factual or equitable basis and does not challenge or address DLA Piper's reasonable, diligent, and good faith efforts to identify and produce responsive records. Accordingly, the motion should be withdrawn.

At all times, DLA Piper has acted reasonably, diligently, and in good faith in responding to the Rule 17(c) subpoena Mr. Musikantow served on or about December 21, 2021. For several months after receiving the subpoena, DLA Piper sought to first clarify and then have withdrawn the subpoena outside of court intervention because it was concerned about the subpoena's vague, overbroad, and burdensome demands for attorney files. DLA Piper ultimately had to seek relief from the Court and filed a motion to quash on April 4, 2022. On May 10, 2022, the Court granted in part and denied in part DLA Piper's motion, ordering DLA Piper "to produce the trust

documents for Defendant and Defendant's children and any annual reports indicating distributions." ECF 109. The Court provided DLA Piper 60 days, until July 11, 2022, to make its production.

DLA Piper undertook a rigorous, time consuming, and costly review to properly comply with the Court's May 10 order. DLA Piper preserved, collected, and compiled records from third-party client files that were stored in DLA Piper's electronic databases and physical storage facilities, email, and trust documents it had stored in a vault in a Chicago bank. In total, DLA Piper collected over 18,500 documents. DLA Piper then ran searches in this database to find responsive documents to the Court's order. The search terms DLA Piper ran included, among others, "Evan," "Morgan," "Remy," "trust," "irrevocable," "estate planning," "EJM," "ASM trust," "ASM irrevocable trust," "annual reports," "settlor," and "Haddad." From this review, DLA Piper timely produced non-privileged documents and a privilege log with descriptions of privileged documents to counsel for the parties on July 11, 2022.

Except for the motion to compel – which was sent *three months* after DLA Piper's production – we have not heard once about the production. Mr. Musikantow has not asked us any questions about our efforts to comply with the Court's order. Mr. Musikantow has not indicated any specific documents he believes are missing from the production. (The motion to compel likewise fails to specify any documents purportedly missing from the production.) Mr. Musikantow has not sought a meet and confer to discuss a possible motion to compel or to otherwise seek further review by DLA Piper. Even after your October 12 email, we have not heard anything about the production.

Given these circumstances, the motion to compel is wholly without merit. The motion merely asserts that "none of the documents required in the Court's [May 10] Order were provided." ECF 125 at 3. That is patently false. Such a conclusory statement, devoid of any support, also fails to serve as a good-faith basis to file the motion to compel. DLA Piper produced multiple trust documents in which either Mr. Musikantow or his children were named and produced a privilege log of additional responsive documents that are protected by attorney-client privilege and/or the work product doctrine. Two of the produced documents, moreover, are related to the trust instrument Mr. Musikantow referenced (for the first time) in his response to DLA Piper's motion to quash the subpoena – namely, the 2005 Irrevocable Trust dated November 28, 2005. ECF 106-1 & 106-2. As explained above, these records were located after DLA Piper conducted an extensive document review project, using unique search terms such as Mr. Musikantow's and his children's first names that would pull potentially responsive documents.

Furthermore, the motion does not articulate a single specific document that Mr. Musikantow believes DLA Piper should have in its files two decades later but did not produce. Rule 17(c) demands far more than this complete lack of specificity. *See United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002). Mr. Musikantow has never specified when any of the purported trusts were created. It appears, however, that the records he seeks are approximately 21 years old. *E.g.*, ECF 125 at 1-2 (describing a sale in 2001 and then vaguely asserting "[t]hereafter, the sellers, including Evan J. Musikantow, were directed to put the proceeds of the sale into trust for tax purposes"). In addition, to the extent Mr. Musikantow is seeking purported trusts for which he created, Mr. Musikantow has never specified who created the trust documents for him. Mr.

2

Musikantow's response to the motion to quash (but not his motion to compel) asserts that "Evan J. Musikantow was the beneficiary of individual and family trusts created by attorney Mary Lou Haddad for Evan and his family." ECF 106 at 2. Even if this assertion could be reasonably read to imply that Ms. Haddad also created the purported trusts for Mr. Musikantow as a grantor, which we do not think it could, it does not establish that DLA Piper was responsible for creating any purported trusts for him or ever possessed such documents. As DLA Piper explained in its reply in support of its motion to quash, Ms. Haddad did not work for DLA Piper and her firm was apparently acquired by Dykema in 2008. ECF 107 at 5. Thus, even if Mr. Musikantow could articulate any additional documents with the requisite specificity, there is no reason to believe DLA Piper would possess (or would have possessed in the past twenty years) additional records following its rigorous review.

In light of the foregoing, we respectfully ask that Mr. Musikantow withdraw the motion to compel.[1] DLA Piper reserves the right to seek fees and costs.

As always, we are available to discuss in further detail at your convenience to avoid needless court intervention.

Sincerely,

**DLA Piper LLP (US)**

Matt Hiller
Bobby Muttilainen


Cc: Edward Kohler, Assistant United States Attorney

---

[1] To be clear, DLA Piper does not waive any grounds not articulated in this letter should it have to oppose the motion to compel.