**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CR 00512 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| EVAN MUSIKANTOW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

A jury found defendant Evan Musikantow guilty of willfully failing to pay child support for his two minor children in violation of 18 U.S.C. § 228(a)(3). Musikantow now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 [278]. For the reasons set forth below, the motion is denied.

**I.      BACKGROUND**

**A.      Evidentiary Record**

Drawing all reasonable inferences in the government's favor, as required by the jury's verdict, the evidence at trial showed that Musikantow was ordered to pay child support for his two minor children living in Illinois after his divorce from their mother, Dawn Musikantow. GX3. Musikantow was both aware of the child support orders and his ability to ask the court to adjust his obligation, filing a petition to that end in 2009. GX5. Even after the court granted the petition, however, Musikantow repeatedly failed to make the required payments.

From 2009 to 2017, Musikantow lived in Arizona with his second and current wife, Nicole Zuber. Through a prior divorce, Nicole had acquired large sums of money and property, including valuable artwork, jewelry, and collector items. Together, Nicole and Musikantow started a

business called Minibarbershop. They rented several luxury homes and luxury cars and spent money eating out at restaurants. Musikantow also spent money gambling. However, he did not make child support payments. By 2017, he owed more than $500,000. GX1. He had paid only $3,000 in the preceding eight years. *Id.*

### B.    Procedural History

On August 21, 2018, Musikantow was charged in a single-count indictment with willfully failing to pay a child support obligation for his two minor children between 2009 and 2017. A trial was held in October 2025. Over the course of three days, the government presented testimony from several witnesses, including Musikantow's ex-wife and representatives from the Illinois Department of Children and Family Services. The government also introduced dozens of exhibits, including bank statements, loan applications, rental agreements, and social media posts that showed Musikantow living a lavish lifestyle. At the close of the government's case, Musikantow moved for acquittal without making argument. Musikantow then introduced the testimony of two witnesses (his current wife Nicole, and an estate attorney he had employed to make inquiries as to the availability of funds in a particular trust) and rested.

The Court instructed the jury that it could only return a verdict of guilty if the government proved four elements beyond a reasonable doubt: (1) Musikantow failed to pay a child support obligation; (2) the child resided in another state; (3) the failure to pay was willful; and (4) the support obligation remained unpaid for over two years or was greater than $10,000. In determining whether the act was willful, the Court instructed the jury to consider whether Musikantow had the ability to pay some portion of the past due child support obligation or lacked the ability to make even a partial payment after meeting basic subsistence needs. After deliberating for less than an hour, the jury returned a verdict of guilty.

## II.     DISCUSSION

After a jury's guilty verdict, a criminal defendant seeking a judgment of acquittal under Rule 29 faces a hurdle that the Seventh Circuit has deemed "nearly insurmountable." See *United States v. Jones*, 713 F.3d 336, 339 (7th Cir. 2013). Nevertheless, it is not "wholly insurmountable," and because the government bears the burden of proof, "the height of the hurdle depends directly on the strength of the government's evidence." *Id.* If the evidence is insufficient to sustain the conviction, this Court must grant a motion for judgment of acquittal. *See id.* at 339-40. In evaluating such a motion, a court must consider the evidence in the light most favorable to the government and overturn the verdict only when "the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Peterson*, 823 F.3d 1113, 1120 (7th Cir. 2016).

Musikantow argues that that government produced insufficient evidence regarding the *mens rea* of willfulness. However, the government produced more than enough evidence for a rational juror to find that Musikantow's failure to pay was willful. To start, the government demonstrated that Musikantow had money with which he could have paid some portion of his obligation. That evidence included bank statements showing over one million dollars in deposits into Musikantow's accounts (GX36), as well as Musikantow's own representations that Minibarbersop grossed $250,000 in sales in 2012, and that he had a salary of $50,000 in 2016—years in which he paid only $100 and $50 in child support, respectively (GX1; GX31; GX33). The government also produced evidence that, in 2014, Musikantow wagered a total of $11,200 at the casino at Talking Stick Resort, winning $3,200. GX50.

Furthermore, the government showed that Musikantow's expenditures exceeded his basic subsistence needs. An analysis of bank records showed that he and Nicole spent significant sums

3

of money on shopping, auto, and travel. GX38. The government also produced testimony from landlords who rented luxury homes to Musikantow and Nicole at rental rates between $4,100 and $5,375 per month.

Musikantow claims that this evidence is insufficient to show willfulness. First, he argues that he was completely financially dependent on Nicole during the relevant period. Nicole testified that she bankrolled their luxurious lifestyle by selling the valuable art and jewelry she acquired through her divorce, and that she did not allow Musikantow to use that money to make child support payments. Furthermore, Musikantow argues that he was not just sitting idly by, but was actively trying to figure out a way to pay: Nicole testified that he was constantly looking for a job, and his former attorney, Michael Whittey, testified that he (Whittey) made several inquiries into obtaining money from a particular trust at Musikantow's request. However, that testimony does not compel a judgment of acquittal. The jury was free to make credibility assessments and weigh the testimony against the evidence presented by the government, including bank records, financial statements, and Musikantow's own representations.

Musikantow also argues that the government failed to show willfulness because he was significantly indebted before he was even ordered to pay child support, and because he continues to have outstanding judgments against him resulting from Minibarbershop's financial failure. However, Musikantow never explains how any of his outstanding debts would prevent him from making child support payments. Furthermore, Nicole admitted that no payments have been made towards any of the judgments related to Minibarbershop.

In summary, the government presented sufficient evidence that Musikantow had the ability to pay some portion of his child support obligation after meeting basic subsistence needs. A rational juror could easily find—and did—that his failure to pay was willful.

## III.   CONCLUSION

For the aforementioned reasons, the motion for a judgment of acquittal is denied.

Date: March 6, 2026

John J. Tharp, Jr.
United States District Judge